| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
|---|---|
| LILI SHI,<br>                             Plaintiff,<br><br>– against –<br><br>DXN MIKE CORPORATION,<br>d/b/a Shangri Nail Skincare, JUNAN DING and<br>MI ZHOU<br>                             Defendants. | **MEMORANDUM & ORDER**<br><br>16-CV-5185 (ERK) (JO) |

Korman, *J.*:

      Lili Shi, a former employee for defendant DXN Mike Corporation, a nail salon generally known by its business name, "Shangri Nail Skincare," brings this purported class and collective action under the minimum wage and overtime pay sections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and 207, various New York State labor laws, and the federal and state statutes providing for civil damages for filing of fraudulent tax documents. Shi alleges that defendants paid her less than the minimum wage, deprived her of overtime pay, did not keep proper records of her hours, failed to post required notices, and did not provide accurate paystubs.

      Shangri Nail has moved to dismiss, pursuant to Rule 12(b)(6), because it contends that Shi is not a covered employee, nor is Shangri Nail a covered enterprise, under the FLSA. To qualify as a covered employee, Shi must either have been "(1) personally engaged in interstate commerce or in the production of goods for interstate commerce (so-called 'individual coverage'), or (2) [] employed in an enterprise engaged in interstate commerce or in the

1

production of goods for interstate commerce (so-called 'enterprise coverage')." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 120 (E.D.N.Y. 2011). Moreover, for Shangri Nail to qualify as a covered enterprise, it must be an employer that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and," (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1).

As an initial matter, Shi has adequately alleged that the Shangri Nail was engaged in interstate commerce. Because even "local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce," *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998), the requirement is satisfied if Shi merely handled supplies or equipment that originated out-of-state. Other cases discussing this element in an FLSA context have held that it is logical to conclude that even generic products like soap have moved in interstate commerce. *See, e.g.*, *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 88 (E.D.N.Y. March 3, 2010) ("Cleaning products purchased locally have been moved in or produced for commerce, and custodians are employees who handle these products.") (internal quotations omitted). Thus, an inference can be fairly drawn that the fingernail paints, cleaning machines, and lotions, *inter alia*, used by Shi in the course of her duties originated outside of New York. Her complaint, therefore, fairly alleges that Shangri Nail is an enterprise that engages in interstate commerce.

Similarly, Shi alleged that Shangri Nail has more than $500,000 in gross sales. Taken together with the inference that Shangri Nail engages in interstate commerce, Shi has satisfactorily alleged that Shangri Nail is an enterprise covered by the FLSA. Shangri Nail's argument that the complaint should be dismissed because its tax returns demonstrate that it has never earned gross sales of $500,000 in any single year is without merit. Because these tax returns constitute "matters outside the pleadings," Fed. R. Civ. P. 12(d), it would be error to rely on them in the context of a motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 84 (2d Cir. 2000).

Nevertheless, in the interest of conserving judicial resources, this case cannot be allowed to proceed to full-blown discovery when Shangri Nail may ultimately be able to demonstrate that it is not a covered employer under the FLSA. Thus, per Rule 12(d), Shangri Nail's motion to dismiss is converted into a motion for summary judgment under Rule 56. The parties are instructed to conduct discovery and briefing limited to the question of whether Shangri Nail "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). If the fruits of this exercise show that Shangri Nail is in fact a "covered enterprise" for FLSA purposes, the parties will be free to conduct further discovery and move for summary judgment on any other basis.

**SO ORDERED.**

Brooklyn, New York
February 7, 2017

*Edward R. Korman*
Edward R. Korman
United States District Judge